**INDIVIDUAL SETTLEMENT AGREEMENT AND RELEASE**

This Individual Settlement Agreement and Release (hereinafter "Agreement") is entered into by and between Ophat Hansana, an individual (hereinafter, "Hansana") and defendant PDQ Temporaries, Inc., and all of their past, present and future directors, officers, employees, agents, servants, attorneys, assigns, insurers, representatives, employers, partners, divisions, subsidiaries, parents, predecessors and successors in interest, and/or any succeeding bankruptcy estates, and all other persons, affiliates, entities, associations, partnerships, and corporations with whom any of the former have been, are now or may hereafter be affiliated (sometimes collectively referred to as "PDQ"). Plaintiff and PDQ, collectively, shall sometimes be collectively referred to herein as the "Parties." This Agreement is made effective as of December 18, 2015 ("Effective Date").

## RECITALS

WHEREAS, Hansana filed a complaint on March 5, 2015 in the United States District Court, Northern District of Texas, styled *Ophat Hansana v. PDQ Temporaries, Inc.*, Cause No. 3:15-cv-00740-L (the "Action"), alleging that PDQ engaged in unlawful background check practices in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* PDQ denies the allegations.

WHEREAS, it is the Parties' desire and intention to avoid the risks and expenses of litigation and to avoid further disputes between them by entering into this Settlement Agreement to settle all rights, claims, counterclaims, defenses, and demands which exist or may exist between them as of the Effective Date.

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein, the Parties hereto agree as follows:

## AGREEMENT

1.    **RELEASE AND COVENANT NOT TO SUE**

1.1    Excepting the rights and obligations expressly created by and described in this Settlement Agreement, and in exchange for valuable consideration received, Hansana does hereby irrevocably, unconditionally, fully, finally and forever release and discharge PDQ of and from any and all claims, judgments, actions, causes of action, suits, sums of money, demands, rights, damages, injuries, costs, obligations, contracts, agreements, promises, liabilities, losses, debts, harms, expenses, fees (including attorneys' fees), and compensation of every kind or nature whatsoever, whether based on tort or any other theory of recovery, in law or in equity, whether for compensatory or punitive damages, whether known or unknown and whether foreseen or unforeseen, which Hansana has, claimed to have, or claims to have, which may arise in the future, or which Harper hereafter may have or claim to have against PDQ (whether through operation of law,

assignment or subrogation), in, arising out of, or in any way connected with the Action from the beginning of the world to the day of the date of this Settlement Agreement.

1.2    This release includes, but is not limited to: (a) all claims asserted in the Action; (b) all claims that could have been asserted in the Action or in any other lawsuit, complaint in equity, or state or federal agency or administrative proceeding; and (c) all claims arising out of any actual or alleged duty, or contractual relationship, or legal relationship, express or implied.

1.3    Hansana agrees that he will not commence any future lawsuit, action, or complaint of any nature against PDQ relating to: (a) the claims asserted in the Action; and/or, (b) claims that could have been asserted in the Action or in any other legal, equitable, agency or administrative proceeding; or (c) claims arising out of any actual or alleged contractual relationship, express or implied, between Hansana and PDQ.

1.4    Hansana represents and warrants that he has not assigned his rights, title, damages, benefits, or interests in the Action to any other person or entity.  Hansana understands and agrees to indemnify, defend, and hold harmless PDQ from any and all claims that may be asserted against them relating in any way to: (a) all claims asserted in the Action; (b) all claims that could have been asserted in the Action or in any other lawsuit, complaint in equity, or state or federal agency or administrative proceeding; (c) all claims arising out of any actual or alleged duty, or contractual, or legal relationship, express or implied, between Hansana and PDQ; and (d) any claims, liens, demands, garnishments, subrogations, or causes of action brought by Hansana's family members, heirs, attorneys, insurers, agents, adjusters, experts, contractors, mortgagees, creditors, lenders, or medical professionals.

1.5    Hansana agrees that nothing in this Settlement Agreement is to be construed as an admission of liability by PDQ.  Hansana acknowledges that PDQ denies liability of any type.

2.    **CONSIDERATION**

For and in further consideration of settling the Action, PDQ agrees to pay and deliver to Ophat Hansana, _____ ($ _20,000_ .00) in the form of a check ("Settlement Check") made payable to "Ophat Hansana." The check shall be sent to Hansana within thirty (30) calendar days upon receipt by PDQ of a fully executed Settlement Agreement and a fully executed W-9 form with payee information.

3.    **DISMISSAL OF CLAIM**

Hansana shall dismiss the Action with prejudice as to himself and without prejudice as to the alleged putative class as to PDQ by filing a Stipulation For Dismissal With Prejudice following the execution of this Settlement Agreement and within five (5) business days after the receipt of all Settlement Payments by Hansana.

4.    **GENERAL PROVISIONS**

4.1    Severability. The provisions of this Settlement Agreement are severable, and in the event that any of the provisions of this Settlement Agreement shall be declared or be determined to be invalid or unenforceable under any controlling body of law, the validity of the remaining parts, terms or provisions shall not be effected thereby and said invalid or unenforceable part, term or provision shall be deemed not to be a part of this Settlement Agreement.

4.2    Language. The language of all parts of this Settlement Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any one Party. As used in this Settlement Agreement the term "or" shall be deemed to include the term "and/or" and the singular or plural number shall be deemed to include the other whenever the context so indicates or requires.

4.3    No Amendment, No Waiver. No supplement, modification, waiver, or amendment of this Settlement Agreement shall be effective or binding unless executed in writing by both Parties. The failure of any Party to assert a right hereunder or to insist upon compliance with any term or condition of this Settlement Agreement shall not constitute a waiver of that right or excuse a similar subsequent failure to perform any such term or condition by the other Party.

4.4    No Agent. Nothing in this Settlement Agreement shall in any manner be construed as creating or designating either Party hereto as the representative or agent of the other Party.

4.5    Benefit of Joint Authorship. Each Party recognizes that it has jointly participated in the authorship of this Settlement Agreement. Each of the Parties has been advised to consult with an attorney of its choice before signing this Settlement Agreement. The Parties acknowledge and agree that they have been so advised, that they have read and fully understand all of the provisions of this Settlement Agreement, that they are voluntarily entering into this Settlement Agreement without any duress or undue influence on the Parties or their officers, employees, agents or attorneys, and that they each have capacity to enter into this Settlement Agreement.

4.6    Authorization of Signatory. Any individual signing this Settlement Agreement on behalf of a Party represents and warrants that he/she has full authority to do so.

4.7    Binding Effect. This Settlement Agreement shall inure to the benefit of and shall be binding upon the Parties hereto, and each and all of their respective successors, affiliates, assignees, partners, directors, shareholders, employees, officers, investors, and all other persons and entities now, heretofore or hereafter acting in concert with any of the foregoing with respect to the subject matter of this Settlement Agreement.

**4.8**     Counterparts. This Settlement Agreement may be signed by each Party signing a separate, identical counterpart. Together the two signed counterparts shall constitute the Settlement Agreement. Photocopies, scanned copies and faxed copies of the signed Settlement Agreement or counterpart shall be binding and admissible as if it were an original signature.

**4.9**     Attorneys' Fees. In the event any disputes arise between the Parties hereto with respect to this Settlement Agreement, any of the rights provided herein, or relating to the subject matter of this Settlement Agreement, the prevailing Party shall be entitled to recover its reasonable attorneys' fees and costs incurred in connection with any action or proceeding, including, without limitation, mediation.

**4.10**     Confidentiality. The Parties agree that they will hereafter keep strictly confidential the substance of this Agreement, including the amounts paid by PDQ as consideration for this Settlement Agreement, and will not disclose, orally or in writing, any information regarding this Agreement including its existence or the substance or subject matter hereof to any person, firm, corporation, or other entity (other than their respective attorneys or tax advisors and immediate family members) except as is necessary to comply with applicable laws and regulations, court orders, or other process of law.

**4.11**     The Parties acknowledge that no tax advice has been offered or given by either Party in the course of these negotiations, and each Party is relying on the advice of his or its own tax consultant with regard to any tax consequences which may arise as a result of this Agreement.

**4.12**     No Reliance on Statements of PDQ. Hansana understands and agrees that in accepting the terms of this Settlement Agreement and signing this Settlement Agreement he is relying on his own judgment, belief, and knowledge, and not on any representations or statements made by PDQ or anyone representing PDQ. Hansana acknowledges that this Settlement Agreement accurately reflects all of the terms of the Parties' settlement and that no other promise, inducement, or agreement exists between the Parties regarding the subject matter hereof other than what is expressed within the four corners of this Settlement Agreement.

**4.13**     Discovery Not Completed. Hansana acknowledges that discovery in the Action was not completed and that he might have learned additional facts during the course of the Action that could have affected his assessment of the strength of his position in the Action and changed the decision of Hansana to enter into this Settlement Agreement. Hansana nevertheless has intentionally and voluntarily decided to settle the Action at this time under the terms of this Settlement Agreement to avoid further expense, inconvenience, and uncertainty.

**4.14**     Jurisdiction. If a dispute arises between the Parties concerning the subject matter of this Settlement Agreement, the Parties agree that any action filed in connection with the dispute shall be filed in United States District Court, Northern District of Texas

and that the law of the State of Texas shall apply to the interpretation and enforcement of the Settlement Agreement, without reference to choice of law principles.

    **4.15**   Entire Agreement.   The Parties acknowledge that this Settlement Agreement sets forth and represents the full and final agreement and understanding of the Parties on the subject matter hereof, supersedes any prior or contemporaneous oral or written agreements, and shall not be subject to any change or modification except by the execution of a written instrument subscribed to by the duly authorized representatives of the Parties.

**IN WITNESS WHEREOF,** the undersigned have caused this Settlement Agreement to be executed by their duly authorized representatives.

**OPHAT HANSANA**                                  **PDQ TEMPORARIES, INC.**

By: _____ 12/18/15

Its: _____

5 of 5
*Individual Settlement Agreement*
*Ophat Hansana v. PDQ Temporaries, Inc.*
United States District Court, Northern District of Texas Case No. 3:15-cv-00740-L

1086404/26100601v.1